10-930-cr
*United States v. Boyd*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand and ten.

PRESENT: WILFRED FEINBERG,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.- 10-930-cr

ANTHONY BOYD,

*Defendant-Appellant.*

---

FOR APPELLANT:     ANTHONY BOYD, *pro se*, Bruceton Mills, WV.

FOR APPELLEE:     JESSICA ORTIZ, Assistant United States Attorney (Janis M. Echenberg & Daniel A. Braun, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the district court judgment is **AFFIRMED**.

Defendant-Appellant Anthony Boyd, *pro se*, appeals from the March 4, 2010 judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*) entered against him after a jury convicted him of two counts of bank robbery, 12 counts of armed bank robbery, and escape. On appeal, Boyd challenges the denial of his Rule 33 motion, the district court's finding that the presentation of forensic evidence did not violate the Confrontation Clause, the admission of an in-court identification, and the district court's rejection of a requested jury instruction. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Rule 33 provides that "the court may vacate any judgment

and grant a new trial if the interest of justice so requires."  This Court reviews the denial of a Rule 33 motion for abuse of discretion.  *See United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009).  "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice."  *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001).  Motions for new trials "should be granted only with great caution and in the most extraordinary circumstances."  *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992).

Here, Boyd's contention that the Government fabricated the DNA evidence against him is unsupported.  He has failed to provide any basis for his belief that, in either 1998 or 2008, his DNA profile had been entered into a searchable database, and this contention is contradicted by the evidence presented at trial.  Boyd has also failed to identify any evidence supporting his claim that the Government's DNA expert altered the test results in order to inculpate Boyd.  Instead, the expert's testimony and report indicate that the change made in the final report did not affect the resulting DNA profile.  Accordingly, the district court did not abuse its discretion by denying these claims.

3

*See United States v. Gilbert*, 668 F.2d 94, 96 (2d Cir. 1981) (affirming denial of Rule 33 motion where defendant's claim of Government misconduct was based on "unsupported speculation").

As to Boyd's Confrontation Clause argument, after having reviewed the appellant's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion denying the Rule 33 motion. In any event, even if Boyd's right to confrontation had been violated, given the strength of the evidence against him – including his confession, witness testimony, surveillance video and photographs, and physical evidence – any error was harmless.

We review the district court's admission of identification evidence for clear error. *See United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001). In this case, we identify no error in the district court's admission of a witness's in-court identification of Boyd. The witness testified that she observed Boyd shortly before he covered his face and committed the robbery, he was the only customer in the bank at the time, her pre-identification description was consistent with her identification of Boyd, and she was

4

certain about the identification. In any event, even if the admission of the identification was improper, any error was harmless, given the strength of the other evidence against Boyd.

Finally, the district court's rejection of Boyd's proposed jury instruction was not improper. This Court reviews the propriety of a jury instruction *de novo*. *See United States v. Abelis*, 146 F.3d 73, 82 (2d Cir. 1998). The "appellant has the burden of showing that the requested charge accurately represented the law in every respect and that, viewing as a whole the charge actually given, he was prejudiced." *United States v. Dove*, 916 F.2d 41, 45 (2d Cir. 1990) (internal quotation marks and citation omitted). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir. 1999) (internal quotation marks and citation omitted).

Here, the requested instruction was not a correct statement of the law and was not supported by evidence in the record. *See United States v. Russo*, 74 F.3d 1383, 1393 (2d Cir. 1996) (finding that defendant was entitled to a

jury instruction on defense theories for which there was "any foundation in the evidence") (internal quotation marks and citation omitted); *see also Dove*, 916 F.2d at 45.  Thus, because the requested instruction did not "accurately represent[] the law in every respect," the court's rejection of the instruction was not erroneous.

We have considered all of the appellant's arguments and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED.**

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk